# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CONDATIS LLC,<br><br>                       Plaintiff,<br><br>    v.<br><br>1. A.P. MÖLLER-MAERSK A/S<br>2. ABB, INC.<br>3. ABB, LTD.<br>4. AIRBUS S.A.S<br>5. AIRBUS AMERICAS, INC.<br>6. AMERICAN EUROCOPTER CORPORATION<br>7. AMERICAN EUROCOPTER LLC<br>8. CELEBRITY CRUISES INC.<br>9. DELTA AIR LINES INC.<br>10. ELECTRO-MOTIVE DIESEL, INC.<br>11. EMIRATES<br>12. THE EMIRATES GROUP<br>13. GOODRICH CORP.<br>14. JETBLUE AIRWAYS CORP.<br>15. JIGSAW TECHNOLOGIES, INC.<br>16. KONGSBERG MARITIME, INC.<br>17. L-3 COMMUNICATIONS CORP.<br>18. L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P.<br>19. LEICA GEOSYSTEMS LTD.<br>20. LOCKHEED MARTIN CORPORATION<br>21. MAERSK, INC.<br>22. MAERSK LINE, LTD.<br>23. MICHELIN NORTH AMERICA, INC.<br>24. MTU AERO ENGINES<br>25. MTU MAINTENANCE HANOVER<br>26. NORTHROP GRUMMAN CORP.<br>27. OPTIMIZED SYSTEMS AND SOLUTIONS, INC.<br>28. OSISOFT, INC.<br>29. PRATT & WHITNEY SERVICES, INC.<br>30. ROLLS ROYCE PLC<br>31. ROVSING DYNAMICS<br>32. ROYAL CARIBBEAN CRUISES LTD.<br>33. SIKORSKY AIRCRAFT CORPORATION<br>34. SMARTSIGNAL CORPORATION<br>35. TELCORDIA TECHNOLOGIES, INC.<br>36. THE TIMKEN COMPANY<br>37. TRICO MARINE SERVICES INC.<br>38. UNITED TECHNOLOGIES CORPORATION<br>39. US AIRWAYS, INC.<br>40. WINDROCK INC.<br>                       Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Condatis LLC ("Condatis" or "Plaintiff") makes the following allegations against A.P. Möller-Maersk A/S; ABB, Inc.; ABB, Ltd.; Airbus S.A.S., Airbus Americas, Inc., American Eurocopter Corporation; American Eurocopter LLC; Celebrity Cruises Inc.; Delta Air Lines Inc.; Electro-Motive Diesel, Inc.; Emirates; The Emirates Group; Goodrich Corp.; JetBlue Airways Corp.; Jigsaw Technologies, Inc.; Kongsberg Maritime, Inc.; L-3 Communications Corp.; L-3 Communications Integrated Systems, L.P.; Leica Geosystems Ltd.; Lockheed Martin Corporation; Maersk, Inc.; Maersk Line, Ltd.; Michelin North America, Inc.; MTU Aero Engines; MTU Maintenance Hanover; Northrop Grumman Corp.; Optimized Systems and Solutions, Inc.; OSISoft, Inc.; Pratt & Whitney Services, Inc.; Rolls Royce PLC; Rovsing Dynamics; Royal Caribbean Cruises Ltd.; Sikorsky Aircraft Corporation; SmartSignal Corporation; Telcordia Technologies, Inc.; Timken Company; Trico Marine Services Inc.; United Technologies Corporation; US Airways, Inc. and Windrock Inc.

## PARTIES

2.     Plaintiff Condatis is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business at 101 E. Park Blvd Suite 600, Plano, Texas 75074.

3.     On information and belief, Defendant A.P. Möller-Maersk A/S ("APM") is a Danish company with its principal place of business at Esplanaden 50, 1098 Copenhagen K, Denmark. On information and belief, APM may be served with process at Esplanaden 50, 1098 Copenhagen K, Denmark.

4.     On information and belief, Defendant ABB, Inc. is a Delaware corporation with its principal place of business at 12040 Regency Pkwy, Ste 200, Cary, NC 27518-7708.

Defendant ABB, Inc. may be served with process via its registered agent, CT Corporation, 350 N. Saint Paul St. Ste 2900, Dallas, TX, 75201-4234.

5. On information and belief, Defendant ABB, Ltd. is a Swiss company with its principal place of business at Affolternstrasse 44, CH-8050, Zurich, Switzerland. On information and belief, ABB, Ltd. may be served with process at Affolternstrasse 44, CH-8050, Zurich, Switzerland.

6. On information and belief, Defendant Airbus S.A.S. is a French company with its principal place of business at 1, Rond Point Maurice Bellonte, 31707 Blagnac Cedex. On information and belief, Airbus S.A.S. may be served with process at 1, Rond Point Maurice Bellonte, 31707 Blagnac Cedex.

7. On information and belief, Defendant Airbus Americas, Inc. ("Airbus Americas") is a Delaware corporation with its principal place of business at 198 Van Buren Street Suite 300, Herndon, VA 20170-5338. Defendant Airbus Americas may be served with process via its registered agent, Renee Martin Nagle, 198 Van Buren Street Suite 300, Herndon, VA 20170.

8. On information and belief, Defendant American Eurocopter Corporation ("AEC") is a Delaware corporation with its principal place of business at 2701 N. Forum Dr., Grand Prairie, TX 75052-8927. Defendant AEC may be served with process via its registered agent, Charles L. Hunnicutt, 2701 N. Forum Dr., Grand Prairie, TX 75052-8927.

9. On information and belief, Defendant American Eurocopter LLC ("AEL") is a Delaware limited liability company with its principal place of business at 2701 N. Forum Dr., Grand Prairie, TX 75052-8927. Defendant AEL may be served with process via its registered agent, Kevin C. Cabanass, 2701 N. Forum Dr., Grand Prairie, TX 75052-8927.

10. On information and belief, Defendant Celebrity Cruises Inc. ("Celebrity") is a Liberian corporation with its principal place of business at 1050 Caribbean Way, Miami, FL, 33132-2028. Defendant Celebrity may be served with process via its registered agent, Bradley H. Stein, 1050 Caribbean Way, Miami, FL, 33132-2028.

11. On information and belief, Defendant Delta Air Lines Inc. ("Delta") is a Delaware corporation with its principal place of business at 1030 Delta Boulevard, Atlanta, GA, 30320-6001. Defendant Delta may be served with process via its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX, 78701-3218.

12. On information and belief, Defendant Electro-Motive Diesel, Inc. ("EMD") is a Delaware corporation with its principal place of business at 9301 W. 55th St., McCook, IL, 60525-3214. Defendant EMD may be served with process via its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste.235, Houston, TX, 77062-6212.

13. On information and belief, Defendant Emirates is a New York company with its principal place of business at 55 E. 59th St., Fl. 5, New York, NY 10022-1722. Defendant Emirates may be served with process via its registered agent, Barbara Ruegner, 405 Park Avenue, Ste. 1002, New York, NY 10022.

14. On information and belief, Defendant The Emirates Group ("Emirates Group") is a Dubai company with its principal place of business at P.O. Box 686, Dubai, UAE. Defendant Emirates Group may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

15. On information and belief, Defendant Goodrich Corp. ("Goodrich") is a New York corporation with its principal place of business at 2730 W. Tyvola Rd., Charlotte, NC,

28217-4578. Defendant X Goodrich XX may be served with process via its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX, 78701-3334.

16. On information and belief, Defendant JetBlue Airways Corp. ("Jetblue") is a Delaware corporation with its principal place of business at 11829 Queens Blvd., Forest Hills, NY 11375-7212. Defendant Jetblue may be served with process via its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste.235, Houston, TX, 77062-6212.

17. On information and belief, Defendant Jigsaw Technologies, Inc. ("Jigsaw") is an Arizona corporation with its principal place of business at 2700 E. Executive Drive, Ste. 100, Tucson, AZ, 85756. Defendant Jigsaw may be served with process via its registered agent, Keith Schlottman, 6206 E. Pima St., Ste. 2, Tucson, AZ, 85712-7001.

18. On information and belief, Defendant Kongsberg Maritime, Inc. ("Kongsberg") is a Texas corporation with its principal place of business at 5373 W. Sam Houston Pkwy. N., Ste. 200, Houston, TX, 77041-5199. Defendant Kongsberg may be served with process via its registered agent, David Jungman, Gardere Wynne, 1000 Louisiana St., Ste. 3400, Houston, TX, 77002-5011.

19. On information and belief, Defendant L-3 Communications Corp. ("L-3") is a Delaware corporation with its principal place of business at 600 3rd Ave., 32nd Floor, New York, NY 10016-1901. Defendant L-3 may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

20. On information and belief, Defendant L-3 Communications Integrated Systems, L.P. ("L-3 IS") is a Delaware limited partnership with its principal place of business at 100001 Jack Finney Blvd., Greenville, TX, 75402-3119. Defendant L-3 IS may be served with process

via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

21. On information and belief, Defendant Leica Geosystems Ltd. ("Leica") is a British company with its principal place of business at Davy Ave., Knowhill, Milton Keynes MK5 8LB, United Kingdom. On information and belief, Leica may be served with process at Davy Ave., Knowhill, Milton Keynes MK5 8LB, United Kingdom.

22. On information and belief, Defendant Lockheed Martin Corporation ("Lockheed") is a Maryland corporation with its principal place of business at 6801 Rockledge Dr., Bethesda, MD 20817. Defendant Lockheed may be served with process via its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX, 78701-3218.

23. On information and belief, Defendant Maersk, Inc. is a New York corporation with its principal place of business at 2 Giralda Farms, Madison, NJ, 07940-1026. Defendant Maersk, Inc. may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

24. On information and belief, Defendant Maersk Line, Ltd. ("Maersk Line") is a Delaware company with its principal place of business at One Commercial Place, Ste. 2000, 20th Floor, Norfolk, VA, 23510-2126. Defendant Maersk Line may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

25. On information and belief, Defendant Michelin North America, Inc. ("Michelin") is a New York corporation with its principal place of business at 1 Parkway S., Greenville, SC 29615. Defendant Michelin may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

26. On information and belief, Defendant MTU Aero Engines ("MTU Aero") is a Connecticut company with its principal place of business at 100 Corporate Place, Rocky Hill, CT, 06067-1803. Defendant MTU Aero may be served with process via its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste. 235, Houston, TX, 77062-6212.

27. On information and belief, Defendant MTU Maintenance Hanover ("MTU Maintenance") is a German company with its principal place of business at MTU Maintenance Hannover GmbH, Münchner Straße 31, 30855 Langenhagen, Germany. On information and belief, MTU Maintenance may be served with process at MTU Maintenance Hannover GmbH, Münchner Straße 31, 30855 Langenhagen, Germany.

28. On information and belief, Defendant Northrop Grumman Corp. ("Northrop") is a Delaware corporation with its principal place of business at 1840 Century Park, E., Los Angeles, CA 90067. Defendant Northrop may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

29. On information and belief, Defendant Optimized Systems and Solutions, Inc. ("Optimized") is a Delaware corporation with its principal place of business at 12100 Sunset Hills Rd., Ste. 310, Reston, VA 20190-3295. Defendant Optimized may be served with process via its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX, 78701-3218.

30. On information and belief, Defendant OSISoft, Inc. ("OSISoft") is a California corporation with its principal place of business at 777 Davis St., Ste. 250, San Leandro, CA, 94577-6950. Defendant OSISoft may be served with process via its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, STE 620, Austin, TX 78701-3218.

31. On information and belief, Defendant Pratt & Whitney Services, Inc. ("Pratt") is a Delaware corporation with its principal place of business at 1 Financial Plaza, Hartford, CT 06103-2608. Defendant Pratt may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

32. On information and belief, Defendant Rolls Royce PLC ("Rolls Royce") is a British company with its principal place of business at 65 Buckingham Gate, London, SW1E 6AT, England. On information and belief, Rolls Royce, Inc. may be served with process at 65 Buckingham Gate, London, SW1E 6AT, England.

33. On information and belief, Defendant Rovsing Dynamics ("Rosving") is a Danish company with its principal place of business at Marielundvej 41**.** *DK***-**2730 Herlev, Denmark. On information and belief, Rosving may be served with process at Marielundvej 41**.** *DK***-**2730 Herlev, Denmark.

34. On information and belief, Defendant Royal Caribbean Cruises Ltd. ("RCC") is a Liberian company with its principal place of business at 1050 Caribbean Way, Miami, FL, 33132-2028. Defendant RCC may be served with process via its registered agent, Bradley H. Stein, 1050 Caribbean Way, Miami, FL, 33132-2028.

35. On information and belief, Defendant Sikorsky Aircraft Corporation ("Sikorsky") is a Delaware corporation with its principal place of business at 6900 Main Street, Stratford ,CT 06614-1378. Defendant Sikorsky may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

36. On information and belief, Defendant SmartSignal Corporation ("SmartSignal") is a Delaware corporation with its principal place of business at 901 Warrenville Road, Suite

300, Lisle, IL 60532. Defendant SmartSignal may be served with process via its registered agent, James Gagnard, 901 Warrenville Rd., Ste. 300, Lisle, IL, 60532-4305.

37.     On information and belief, Defendant Telcordia Technologies, Inc. ("Telcordia") is a Delaware corporation with its principal place of business at One Telcordia Drive, Piscataway, NJ 08854. Defendant Telcordia may be served with process via its registered agent, Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX, 78701-3218.

38.     On information and belief, Defendant The Timken Company ("Timken") is an Ohio company with its principal place of business at The Timken Company, 1835 Dueber Ave. SW, Canton, OH 44706-0932. Defendant Timken may be served with process via its registered agent, Scot A. Scherff, 1835 Dueber Ave. SW, Canton, OH 44706-2728.

39.     On information and belief, Defendant Trico Marine Services Inc. ("Trico") is a Louisiana corporation with its principal place of business at 10001 Woodloch Forest Dr., Ste. 610, Spring, TX, 77380-1924. Defendant Trico may be served with process via its registered agent, Capital Corporate Services, Inc., 800 Brazos Street, Ste. 400, Austin, TX 78701-2548.

40.     On information and belief, Defendant United Technologies Corporation ("UTC") is a Delaware corporation with its principal place of business at United Technologies Corporation, United Technologies Building, Hartford, CT 06101. Defendant UTC may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX, 75201-4234.

41.     On information and belief, Defendant US Airways, Inc. ("US Airways") is a Delaware corporation with its principal place of business at 4000 E. Sky Harbor Blvd., Phoenix, AZ, 85034-3802. Defendant US Airways may be served with process via its registered agent, CT Corporation, 350 N. Saint Paul St. Ste 2900, Dallas, TX, 75201-4234

42. On information and belief, Defendant Windrock Inc. ("Windrock") is a Tennessee corporation with its principal place of business at 1832 Midpark Road, Suite 102, Knoxville, TN (USA) 37921 |. Defendant Windrock may be served with process via its registered agent, Jeff Roberts, 1832 Midpark Rd., Ste. 102, Knoxville, TN, 37921.

## JURISDICTION AND VENUE

43. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

44. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

45. On information and belief, Defendants are subject to this court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## THE PATENT-IN-SUIT

46. United States Patent No. 5,450,321 (the '321 patent"), entitled "Interactive Dynamic Real-Time Management System For Powered Vehicles," was duly and lawfully issued on September 12, 1995, based upon an application filed by the inventor, Harold E. Crane. A copy of the '321 patent is attached hereto as Exhibit A.

47. Condatis is the owner by assignment of the '321 patent and has the right to sue, and recover damages, for infringement thereof.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,450,321

48. Condatis repeats and incorporates the allegations contained in paragraphs 1 through 46 above as is set forth fully herein.

49. On information and belief, ABB, Inc., ABB, Ltd., Celebrity and RCC have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by ABB, Inc., ABB, Ltd., Celebrity and RCC include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Propulsion Condition Management System (PCMS), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the PCMS, and all like products and related services that are covered by one or more claims of the '321 Patent, ABB, Inc., ABB, Ltd., Celebrity and RCC are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

50. On information and belief, AEC and AEL (collectively "American Eurocopter") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by American Eurocopter include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the EuroHUMS system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its EuroHUMS system, and all like products and related services that are covered by one or more claims of the '321 Patent, American Eurocopter is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

51.     On information and belief, Airbus S.A.S., Airbus Americas, US Airways, Emirates, JetBlue and Emirates Group have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Airbus S.A.S., Airbus Americas, US Airways, Emirates, JetBlue and Emirates Group include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Airbus AIRMAN maintenance software tool, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the Airbus AIRMAN maintenance software tool, and all like products and related services that are covered by one or more claims of the '321 Patent, Airbus S.A.S., Airbus Americas, US Airways, Emirates, JetBlue and Emirates Group are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

52.     On information and belief, EMD, L-3 and L-3 IS have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by EMD, L-3 and L-3 IS include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least EMD's IntelliTrain Predictive Telemaintenance System, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling EMD's IntelliTrain Predictive Telemaintenance System, and all like products and related services that are covered by one or more claims of the '321 Patent, EMD, L-3 and L-3 IS are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

53.     On information and belief, Goodrich has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Goodrich include, without limitation, making, using, offering for sale, and/or selling within the

United States, and/or importing into the United States, at least the Integrated Vehicle Health Management System (IVHMS), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its IVHMS, and all like products and related services that are covered by one or more claims of the '321 Patent, Goodrich is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

54. On information and belief, Jigsaw and Leica have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Jigsaw and Leica include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Jigsaw360 Mine Management Solution, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the Jigsaw360 Mine Management Solution, and all like products and related services that are covered by one or more claims of the '321 Patent, Jigsaw and Leica are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

55. On information and belief, Kongsberg has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Kongsberg include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Kongsberg's Engine Monitoring Systems, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Engine Monitoring Systems, and all like products and related services that are covered by one or more claims of the '321 Patent, Kongsberg is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

56. On information and belief, Lockheed has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Lockheed include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Lockheed's Oculus-X™ Predictive System Condition Analyzer, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Lockheed's Oculus-X™ Predictive System Condition Analyzer, and all like products and related services that are covered by one or more claims of the '321 Patent, Lockheed is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

57. On information and belief, Michelin has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Michelin include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Michelin Earthmover Management System, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Earthmover Management System, and all like products and related services that are covered by one or more claims of the '321 Patent, Michelin is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

58. On information and belief, Northrop has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Northrop include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Northrop's AEW/EW Bethpage Prognostics for Aerospace Systems ("AEW/EW product"), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its AEW/EW Bethpage

Prognostics for Aerospace Systems, and all like products and related services that are covered by one or more claims of the '321 Patent, Northrop is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

59. On information and belief, Optimized and Rolls Royce have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Optimized and Rolls Royce include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Optimized Systems and Solutions (OSyS) Equipment Health Monitoring (EHM) Solutions, including JetSCAN® Engine Health Monitoring, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the OSyS EHM Solutions, including but not limited to JetSCAN® Engine Health Monitoring, and all like products and related services that are covered by one or more claims of the '321 Patent, Optimized and Rolls Royce are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

60. On information and belief, OSISoft has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by OSISoft include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the PI System (Reliability-Centered Maintenance Support for Shipboard Equipment), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its PI System, and all like products and related services that are covered by one or more claims of the '321 Patent, OSISoft is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

61. On information and belief, Pratt and UTC have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States.

Infringements by Pratt and UTC include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Advanced Diagnostics & Engine Management (ADEM) tools, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the ADEM tools, and all like products and related services that are covered by one or more claims of the '321 Patent, Pratt and UTC are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

62. On information and belief, Rovsing, APM, Maersk, Inc., Marsk Line, Ltd. and Trico have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Rovsing, APM, Maersk, Inc., Marsk Line, Ltd. and Trico include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Rovsing's OPENpredictor condition monitoring solution, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling Rovsing's OPENpredictor condition monitoring solution, and all like products and related services that are covered by one or more claims of the '321 Patent, Rovsing, APM, Maersk, Inc., Marsk Line, Ltd. and Trico are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

63. On information and belief, Sikorsky and UTC have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Sikorsky and UTC include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Sikorsky's Total Health and Usage Management Systems (T-HUMS), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling Sikorsky's T-HUMS, and all like products and related services that are covered by one or more

claims of the '321 Patent, Sikorsky and UTC are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

64. On information and belief, SmartSignal, Delta, MTU Aero and MTU Maintenance have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by SmartSignal, Delta, MTU Aero and MTU Maintenance include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least SmartSignal's eCM system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling SmartSignal's eCM system, and all like products and related services that are covered by one or more claims of the '321 Patent, SmartSignal, Delta, MTU Aero and MTU Maintenance are liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

65. On information and belief, Telcordia has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Telcordia include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Telecordia's Telematics Diagnostics and Prognostics Solution (DPS), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Telematics DPS, and all like products and related services that are covered by one or more claims of the '321 Patent, Telcordia is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

66. On information and belief, Timken has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Timken include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Timken's Online Intelligence System,

infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Online Intelligence System, and all like products and related services that are covered by one or more claims of the '321 Patent, Timken is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

67. On information and belief, Windrock has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Windrock include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the On-Guard online monitoring system for reciprocating engines and compressors, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its On-Guard online monitoring system for reciprocating engines and compressors, and all like products and related services that are covered by one or more claims of the '321 Patent, Windrock is liable for infringement of the '321 Patent under 35 U.S.C. § 271(a).

68. Defendants have committed these infringing acts without license from Condatis.

69. As a result of Defendants' infringement of the '321 Patent, Condatis has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter:

70. A judgment in favor of Condatis that Defendants have infringed the '321 Patent;

71. A judgment and order requiring the Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '321 patent as provided under 35 U.S.C. § 284;

72. A judgment and order finding that this is an exceptional case within the meaning of U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

73. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 11, 2010                Respectfully submitted,


/s/ Andrew W. Spangler
Andrew W. Spangler
Texas State Bar No. 24041960
Spangler Law, PC
208 N Green St., #300
Longview, TX 75601-7312
Telephone: (903) 753-9300
spangler@spanglerlawpc.com

Gregory P. Love
State Bar No. 24013060
Scott E. Stevens
State Bar No. 00792024
Darrell G. Dotson
State Bar No. 24002010
Todd Y. Brandt
State Bar No. 24027051
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606
Telephone: (903) 753–6760
Facsimile: (903) 753–6761
greg@stevenslove.comd
scott@stevenslove.com
darrell@stevenslove.com


Attorneys for Condatis LLC