IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CONDATIS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:10 cv 600 - LED |
| | § | |
| A.P. MOLLER-MAERSK A/S, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AMERICAN EUROCOPTER'S ANSWER AND COUNTERCLAIMS**

Defendant American Eurocopter Corporation ("AEC") answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Condatis LLC ("Condatis") as follows:

**I.**
**COMPLAINT FOR PATENT INFRINGEMENT**

1.    Paragraph 1 of the Complaint alleges that the instant lawsuit is one for patent infringement in which allegations are made against forty named defendants, to which no response by AEC is required. To the extent it makes allegations requiring a response from AEC, AEC admits that Condatis asserts that this is an action for purported patent infringement and that Condatis has made allegations against the defendants listed in paragraph 1 of the Complaint. Except as expressly admitted or alleged, the allegations of this paragraph are denied.

**THE PARTIES**

2.    AEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3.    Paragraph 3 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond,

AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

4.      Paragraph 4 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

5.      Paragraph 5 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

6.      Paragraph 6 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

7.      Paragraph 7 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

8.      AEC admits the allegations of paragraph 8.

9.      Paragraph 9 of the Complaint alleges facts related to an entity that no longer exists and was thus dismissed from this lawsuit and thus no further response by AEC is required.

10.      Paragraph 10 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

11.     Paragraph 11 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

12.     Paragraph 12 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

13.     Paragraph 13 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

14.     Paragraph 14 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

15.     Paragraph 15 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

16.     Paragraph 16 of the Complaint alleges facts related to another named defendant to

which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

17.     Paragraph 17 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

18.     Paragraph 18 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

19.     Paragraph 19 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

20.     Paragraph 20 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

21.     Paragraph 21 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

22.     Paragraph 22 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

23.     Paragraph 23 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent it makes allegations against and requires a response from AEC, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

24.     Paragraph 24 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

25.     Paragraph 25 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

26.     Paragraph 26 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

27.     Paragraph 27 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such

allegations and therefore denies them.

28.     Paragraph 28 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

29.     Paragraph 29 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

30.     Paragraph 30 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

31.     Paragraph 31 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

31.     Paragraph 32 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

32.     Paragraph 33 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks

knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

33.     Paragraph 34 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

34.     Paragraph 35 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

35.     Paragraph 36 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

36.     Paragraph 37 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

38.     Paragraph 38 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

39.     Paragraph 39 of the Complaint alleges facts related to another named defendant

to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

40.     Paragraph 40 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

41.     Paragraph 41 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

42.     Paragraph 42 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

## JURISDICTION AND VENUE

43.     AEC admits that paragraph 43 of the Complaint alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code. AEC admits that this Court has subject matter jurisdiction over actions arising under Title 35 pursuant to 28 U.S.C. §§ 1331 and 1338.

44.     Denied.

45.     AEC admits that it is subject to this court's personal jurisdiction and otherwise denies the remaining allegations of Paragraph 45 of the Complaint.

**THE PATENT-IN-SUIT**

46.     AEC admits that United States Patent No. 5,450,321 ("the '321 patent") on its face is titled "Interactive Dynamic RealTime Management System For Powered Vehicles" and that on its face bears a date of September 12, 1995; that the '321 patent on its face lists "Harold E. Crane" as the inventor; and that a purported copy of the '321 patent was attached to the Complaint as Exhibit A.   AEC denies all other allegations in paragraph 46 not expressly admitted.

47.     AEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies them.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,450,321**

48.     In response to paragraph 48 of the Complaint, AEC's responses contained in paragraphs 1-47 above are incorporated and restated herein by reference.

49.     Paragraph 49 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

50.     Denied.

51.     Paragraph 51 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

52.     Paragraph 52 of the Complaint alleges facts related to another named defendant to

which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

53.     Paragraph 53 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

54.     Paragraph 54 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

55.     Paragraph 55 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

56.     Paragraph 56 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

57.     Paragraph 57 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

58.     Paragraph 58 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

59.     Paragraph 59 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

60.     Paragraph 60 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

61.     Paragraph 61 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

62.     Paragraph 62 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

63.     Paragraph 63 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such

allegations and therefore denies them.

64.     Paragraph 64 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

65.     Paragraph 65 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

66.     Paragraph 66 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

67.     Paragraph 67 of the Complaint alleges facts related to another named defendant to which no response by AEC is required. To the extent AEC is required to respond, AEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any such allegations and therefore denies them.

68.     Denied.

69.     Denied.

## **PRAYER FOR RELIEF**

70.     AEC denies that Condatis is entitled to any relief whatsoever, and specifically denies each and all of the allegations and prayers for relief contained in paragraphs 70-73 of Condatis' prayer for relief.

71.     AEC denies that Condatis is entitled to any relief whatsoever, and specifically denies each and all of the allegations and prayers for relief contained in paragraphs 70-73 of Condatis' prayer for relief.

72.     AEC denies that Condatis is entitled to any relief whatsoever, and specifically denies each and all of the allegations and prayers for relief contained in paragraphs 70-73 of Condatis' prayer for relief.

73.     AEC denies that Condatis is entitled to any relief whatsoever, and specifically denies each and all of the allegations and prayers for relief contained in paragraphs 70-73 of Condatis' prayer for relief.

## II.

## AEC'S AFFIRMATIVE AND OTHER DEFENSES

For its Defenses to the Complaint, AEC alleges as follows:

### FIRST DEFENSE
### (Failure to State a Claim)

1.     The Complaint, and each and every purported claim for relief therein, fails to state a claim for relief against AEC.

### SECOND DEFENSE
### (Non-Infringement)

2.     AEC has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '321 patent.

### THIRD DEFENSE
### (Invalidity)

3.     The '321 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
### (Limitation on Damages)

4.      Condatis' claim for damages is barred and/or limited by 35 U.S.C. §§ 286-287.

## FIFTH DEFENSE
### (Limitation on Recovery of Costs)

5.      Pursuant to 35 U.S.C. § 288, Condatis is barred from recovery of costs.

## SIXTH DEFENSE
### (No Injunctive Relief)

6.      Condatis cannot satisfy the requirements applicable to its request for injunctive relief, in any form, at least because the asserted patent has expired and because there exists an adequate remedy at law.

## SEVENTH DEFENSE
### (Laches)

7.      Condatis' claims against AEC are barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE
### (Prosecution History Estoppel)

8.      The doctrine of prosecution history estoppel applies to preclude reliance by Condatis on the Doctrine of Equivalents.

## NINTH DEFENSE
### (License, Estoppel, Waiver, or Exhaustion)

9.      AEC is not liable, in whole or in part, pursuant to the doctrines of actual or implied license, estoppel, waiver, and/or patent exhaustion.

## RESERVATION OF ADDITIONAL DEFENSES

10.     AEC reserves the right to assert additional affirmative and other defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## III.

## AEC'S COUNTERCLAIMS

AEC claims as follows:

## PARTIES

1.     Defendant and Counterclaimant AEC is a Delaware corporation with a principal place of business at 2701 Forum Drive, Grand Prairie, Texas 75052.

2.     Upon information and belief, and as alleged in the Complaint, Plaintiff and Counterclaim Defendant Condatis is a limited liability company organized and existing under the laws of the State of Maryland having a principal place of business at 101 E. Park Blvd. Suite 600, Plano, Texas 75074.

## JURISDICTION

3.     AEC counterclaims against Condatis pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

4.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5.     This Court has personal jurisdiction over Condatis by virtue of, *inter alia*, its filing of the Complaint in this Court.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Condatis has waived any objection to venue by appearing in this Court and filing its Complaint.  AEC reserves the right to move to transfer venue pursuant to 28 U.S.C. § 1404(a) as venue in one or more other districts would clearly be more convenient and/or would better serve the interests of judicial economy.

7.      An actual and justiciable controversy exists between Condatis and AEC, by virtue of Condatis' Complaint in this action and AEC's Answer, as to whether the '321 patent is invalid and/or infringed by AEC.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

8.      AEC restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

9.      Condatis claims to be the owner of all rights, title, and interest in the '321 patent.

10.     Condatis has asserted that AEC has infringed the '321 patent.

11.     AEC has not infringed and is not infringing, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '321 patent. AEC is not liable for any infringement of any valid claim of the '321 patent.

12.     Absent a declaration of non-infringement of the '321 patent, Condatis will continue to assert the '321 patent against AEC and will in this way cause damage to AEC.

13.     Accordingly, AEC seeks a judgment holding that it does not infringe in any way any claim of the '321 patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity)

14.     AEC restates and incorporates by reference paragraphs 1 through 13 of its Counterclaims as though fully set forth herein.

15.     Condatis claims to be the owner of all rights, title, and interest in the '321 patent.

16.     Condatis has asserted that AEC has infringed the '321 patent.

17.     The '321 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.     Absent a declaration of invalidity, Condatis will continue to assert the '321 patent against AEC and will in this way cause damage to AEC.

**19.**     Accordingly, AEC seeks a judgment declaring the '321 patent is invalid.

**PRAYER FOR RELIEF**

Wherefore, AEC prays for relief with respect to Condatis' Complaint and AEC's Affirmative and Other Defenses and Counterclaims as follows:

A.     That Condatis' Complaint be dismissed with prejudice and that the relief requested by Condatis and any relief whatsoever in favor of Condatis be denied;

B.     That this Court find and declare that the '321 patent is not infringed by AEC and that AEC is not liable as an infringer;

C.     That this Court find and declare that the '321 patent is invalid;

D.     That this Court declare this case to be exceptional and award AEC its attorneys' fees and costs; and

E.     That this Court grant AEC such other and further relief as the Court may deem just and proper under the circumstances.

Date:  March 2, 2011                           Respectfully submitted,


                                               /s/ Roy W. Hardin
                                               ROY W. HARDIN
                                               Texas State Bar No. 08968300
                                               rhardin@lockelord.com
                                               JASON E. MUELLER
                                               Texas State Bar No. 24047571
                                               jmueller@lockelord.com
                                               LOCKE LORD BISSELL & LIDDELL LLP
                                               2200 Ross Avenue, Suite 2200
                                               Dallas, Texas  75201
                                               (214) 740-8000 Telephone
                                               (214) 740-8800 Facsimile

                                               ATTORNEYS FOR
                                               AMERICAN EUROCOPTER CORP.


## CERTIFICATE OF SERVICE

        I hereby certify that on March 2, 2011 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.


                                               /s/  Roy W. Hardin