**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CONDATIS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:10-cv-600(LED) |
| | § | |
| 1. A.P. MÖLLER-MAERSK A/S | § | |
| 2. ABB, INC. | § | **Jury Trial Demanded** |
| 3. ABB, LTD. | § | |
| 4. AIRBUS S.A.S | § | |
| 5. AIRBUS AMERICAS, INC. | § | |
| 6. AMERICAN EUROCOPTER | § | |
|    CORPORATION | § | |
| 7. AMERICAN EUROCOPTER LLC | § | |
| 8. CELEBRITY CRUISES INC. | § | |
| 9. DELTA AIR LINES INC. | § | |
| 10. ELECTRO-MOTIVE DIESEL, INC. | § | |
| 11. EMIRATES | § | |
| 12. THE EMIRATES GROUP | § | |
| 13. GOODRICH CORP. | § | |
| 14. JETBLUE AIRWAYS CORP. | § | |
| 15. JIGSAW TECHNOLOGIES, INC. | § | |
| 16. KONGSBERG MARITIME, INC. | § | |
| 17. L-3 COMMUNICATIONS CORP. | § | |
| 18. L-3 COMMUNICATIONS | § | |
|    INTEGRATED SYSTEMS, L.P. | § | |
| 19. LEICA GEOSYSTEMS LTD. | § | |
| 20. LOCKHEED MARTIN | § | |
|    CORPORATION | § | |
| 21. MAERSK, INC. | § | |
| 22. MAERSK LINE, LTD. | § | |
| 23. MICHELIN NORTH AMERICA, INC. | § | |
| 24. MTU AERO ENGINES | § | |
| 25. MTU MAINTENANCE HANOVER | § | |
| 26. NORTHROP GRUMMAN CORP. | § | |
| 27. OPTIMIZED SYSTEMS AND | § | |
|    SOLUTIONS, INC. | § | |
| 28. OSISOFT, INC. | § | |
| 29. PRATT & WHITNEY | § | |
|    SERVICES, INC. | § | |
| 30. ROLLS ROYCE PLC | § | |
| 31. ROVSING DYNAMICS | § | |

1

32. ROYAL CARIBBEAN CRUISES LTD. §
33. SIKORSKY AIRCRAFT                    §
     CORPORATION                          §
34. SMARTSIGNAL CORPORATION    §
35. TELCORDIA TECHNOLOGIES, INC. §
36. THE TIMKEN COMPANY              §
37. TRICO MARINE SERVICES INC.     §
38. UNITED TECHNOLOGIES             §
     CORPORATION                          §
39. US AIRWAYS, INC.                       §
40. WINDROCK INC.                           §
                             §
            Defendants.                          §

## ANSWER AND COUNTERCLAIMS OF THE TIMKEN COMPANY

Defendant The Timken Company ("Timken") answers the individually numbered paragraphs of the Complaint of Condatis LLC ("Condatis") and asserts Affirmative Defenses and Counterclaims as follows:

1.      Timken admits that the Complaint purports to set forth a claim of patent infringement against the identified defendants, but otherwise is without sufficient knowledge of information to form a belief as to the truth of the allegations and therefore denies same.

2.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

3.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

4.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

5.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

6.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

7.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

8.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

9.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

10.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

11.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

12.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

13.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

14.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

15.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

16.      Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

17.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

18.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

19.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

20.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

21.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

22.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

23.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

24.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

25.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

26.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

27.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

28.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

29.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

30.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

31.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

32.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

33.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

34.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

35.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

36.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

37.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

38.    Admitted.

39.    Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

40.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

41.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

42.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

## JURISDICTION AND VENUE

43.     Admitted.

44.     Timken denies the allegations in paragraph 44 with respect to Timken, but is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to the remaining defendants.

45.     Timken denies that it is subject to the specific and/or general personal jurisdiction of this Court, denies that Timken has committed acts of infringement in this or any other jurisdiction, denies that Timken conducts regular business, engages in persistent courses of action and/or derives substantial revenues from this judicial district, and denies all other allegations in paragraph 45 with respect to Timken.  Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to the remaining defendants.

## THE PATENT-IN-SUIT

46.     Timken admits only to the recited patent number, title and issue date of the patent. Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

47.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

## COUNT 1:  PATENT INFRINGEMENT

48.     Timken hereby incorporates its responses to paragraphs 1-47 hereof as if set forth fully herein.

49.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

50.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

51.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

52.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

53.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

54.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

55.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

56.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

57.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

58.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

59.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

60.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

61.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

62.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

63.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

64.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

65.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

66.     Timken denies the allegations in paragraph 66.

67.     Timken is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

68.     Timken denies the allegations in paragraph 68 as they relate to Timken, but is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to all other defendants.

69.     Timken denies the allegations in paragraph 69 as they relate to Timken, but is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to all other defendants.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

70.    Timken requests that the Court deny all relief sought by Condatis against Timken, including that relief requested by Condatis in paragraph 70.

71.    Timken requests that the Court deny all relief sought by Condatis against Timken, including that relief requested by Condatis in paragraph 71.

72.    Timken requests that the Court deny all relief sought by Condatis against Timken, including that relief requested by Condatis in paragraph 72.

73.    Timken requests that the Court deny all relief sought by Condatis against Timken, including that relief requested by Condatis in paragraph 73.

## AFFIRMATIVE DEFENSES

74.    Timken's affirmative defenses are listed below.  Timken reserves the right to amend its Answer to add additional affirmative defenses, including inequitable conduct and other acts of unenforceability, consistent with the facts discovered in the case.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

75.    The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Timken.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

76.    Timken has not infringed and is not infringing any claims of U.S. Patent No. 5,450,321 under any theory, including direct infringement, infringement by inducement, or contributory infringement, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

77.     U.S. Patent No. 5,450,321 and all of the claims thereof are invalid for failure to comply

with one or more of the requirements for patentability, including those set forth in the Patent Act,

35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

78.     Plaintiff is estopped from claiming that the patent-in-suit cover any method, system,

apparatus, or product of Timken by virtue of the prior art and/or the prosecution history of U.S.

Patent No. 5,450,321.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

79.     To the extent that Plaintiff seeks damages for any alleged infringement more than six

years before the filing of this action, the claims are barred by the statutory limitation on damages

pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Laches, and Acquiescence)

80.     Plaintiff's claims for damages and other relief are barred in whole or in part by the

equitable doctrines of waiver, estoppel, laches, and/or acquiescence, including but not limited

due to Plaintiff's unreasonable delay in asserting the patents-in-suit.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

81.     To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving

actual notice of the patents-in-suit to Timken, its claims are barred pursuant to 35 U.S.C. §

287(a).

## COUNTERCLAIMS

Counter-plaintiff Timken, in support of its Counterclaims against counter-defendant Condatis, hereby avers:

### The Parties

1.  Timken Inc. is a corporation organized and existing under the laws of the State of Ohio, having a regular and established place of business at 1835 Dueber Avenue SW, Canton, OH 44706.

2.  Upon information and belief, counterclaim-defendant Condatis is a corporation organized and existing under the laws of the State of Maryland, with an asserted place of business at 101 E. Park Blvd. Suite 600, Plano, Texas 75074.

### Jurisdiction and Venue

3.  This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. 5,450,321 (the "'321 patent"), arising under the patent laws of the United States, as set forth in Title 35 of the United States Code.

4.  Condatis claims to be the owner of the '321 patent and has charged Timken with infringement thereof.  Timken has denied the charge of infringement and has alleged that the '321 patent is invalid.

5.  There is an actual and justiciable controversy between Timken and Condatis with respect to the alleged infringement and validity of the '321 patent.

6.  This court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, and also based upon Condatis's choice of this venue as the forum of this action against Timken.

## COUNTERCLAIM 1:  DECLARATION OF NON-INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,450,321

8.      Timken repeats and reavers each and every averment contained in its Answer and Affirmative Defenses and in paragraphs 1-7  hereof as though fully set forth herein.

9.      Timken has not infringed, induced the infringement of, or contributed to the infringement of, any valid and enforceable claim of the '321 patent.

10.     Condatis's filing of its Complaint in this action and Timken's affirmative defenses give rise to an actual controversy between the parties as to whether Timken infringes any valid and enforceable claim of the '321 patent.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*., and 35 U.S.C. § 1 *et seq.*, Timken requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '321 patent under any theory, including directly (whether individually or jointly), indirectly (either contributorily or by  inducement), or under the doctrine of equivalents.

12.     The aforesaid acts of Condatis have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Timken for which Timken has no adequate remedy at law and for which Timken is entitled to declaratory and injunctive relief.

## COUNTERCLAIM 2:  DECLARATION OF INVALIDITY
## OF UNITED STATES PATENT NO. 5,450,321

13.     Timken repeats and reavers each and every averment contained in paragraphs 1-12 hereof as though fully set forth herein.

14.     Condatis's filing of its Complaint in this action and Timken's affirmative defenses give rise to an actual controversy between the parties as to whether the claims of the '321 patent are valid.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 1 *et seq.*, Timken requests a declaration by the Court that the claims of the '321 patent are invalid .

16.     The aforesaid acts of Condatis have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Timken for which Timken has no adequate remedy at law and for which Timken is entitled to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendant The Timken Company prays for the following relief:

A.      Dismissal of the Complaint herein against Timken;

B.      Entry of judgment declaring that Timken does not infringe and has not infringed, in any way, any claim of United States Patent No. 5,450,321;

C.      Entry of judgment declaring that the claims of United States Patent No. 5,450,321 are invalid;

D.      Awarding Timken its costs and attorneys' fees incurred in prosecuting this action;

E.      This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to Timken;

F.      That no damages, injunctive relief, costs, expenses, or attorneys' fees be awarded to Condatis; and

G.      Awarding Timken such other and further relief as this Court deems just and proper.

Dated: March 18, 2011                      By: /s/ Kent E. Baldauf, Jr. by Trey
                                               Yarbrough with permission
                                           Kent E. Baldauf, Jr.
                                           James J. Bosco
                                           Bryan P. Clark
                                           Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Attorneys for The Timken Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of March, 2011.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Trey Yarbrough
Trey Yarbrough